UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RYAN GREEN, | ) |
| Plaintiff, | ) Case: 2:23-cv-00456 |
| v. | ) |
| AMAZON.COM SERVICES, LLC., | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Plaintiff, Ryan Green, ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Amazon.com Services, LLC., ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendants race-based discrimination, sex-based discrimination, race-based harassment, sex-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

2. This lawsuit also arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 et seq., and 42 U.S.C. § 12101 et seq.

4. Venue of this action properly lies in the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act, 42 U.S.C. § 12101, *et seq.,* and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, have occurred or been complied with.

6. A charge of employment discrimination on the basis of sex, race, disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, Ryan Green, resides in Lake County, Indiana.

9. At all times material to the allegations in this Complaint, Defendant, Amazon.com Services, LLC., is a corporation doing business in and for Lake County, Indiana, whose address is 9751 Massachusetts St., Crown Point, IN 46307.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of 42

U.S.C §2000e(f).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

12. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

14. Plaintiff worked for Defendant as a warehouse associate from approximately September 2019 through April 2020, and then again from approximately October 2021 through May 22, 2022.

15. Plaintiff is a member of a protected class due to her race, African American.

16. Plaintiff is a member of a protected class due to her sex, female.

17. Plaintiff is a member of a protected class because she suffers from a disability that substantially limits one or more major life activities.

18. Since at least October 2021 through May 22, 2022, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected classes.

19. Defendant also subjected Plaintiff to a hostile work environment on the basis of sex and race, violating Title VII and Section 1981.

20. On or around October 2023, Plaintiff's co-worker, Tabatha (Caucasian), exhibited hostile and inappropriate behavior towards Plaintiff.

21. During work hours, Tabatha poked and harassed Plaintiff and encouraged other employees to do the same.

22. Tabatha also attempted to disrupt Plaintiff's work by preventing items from reaching Plaintiff's line.

23. Tabatha did not harass or disrupt the work of non-African American employees, nor did she encourage other employees to show the same hostile behavior to non-African American employees.

24. On or around December 2021, another employee, Shaun (Caucasian), began exhibiting similar inappropriate behavior.

25. Specifically, Shaun purposefully kicked a cart at Plaintiff's hand, an incident which Plaintiff sustained injuries from.

26. Plaintiff reported Shaun's actions to the Defendant's Human Resources Department.

27. The Human Resources Department failed to launch an investigation into the incident or take any action to rectify the situation.

28. As a result of the harassment she suffered at the hands of Defendant's employees, Plaintiff began experiencing Post Traumatic Stress Disorder (PTSD), anxiety and depression.

29. Due to her PTSD, anxiety and depression, Plaintiff requested short term disability leave in December 2021.

30. Plaintiff returned to work in or around April 2022.

31. On or around May 2022, Defendant ordered Plaintiff to train another employee.

32. Defendant required that the training be completed in an area of the workplace where Shaun worked and would be present.

33. Since the December incident, Plaintiff felt uncomfortable working near Shaun.

34. Plaintiff reported her concerns regarding working near Shaun to her supervisor.

35. However, the supervisor ignored Plaintiff's concerns and ordered Plaintiff to work near Shaun.

36. During the training, Shaun began making several degrading and discriminatory remarks, unprovoked.

37. Shaun told Plaintiff, "Get your black a** home," paired alongside numerous other insults that included calling Plaintiff a, "black b*tch" and a "loud b*tch."

38. Following the verbal attack, Plaintiff was shaken up and felt that she was not safe in the workplace.

39. Shaud did not harass male, or non-African Americans as he did Plaintiff.

40. Subsequently, Plaintiff reported the incident to Defendant and that she would be unable to attend work the next day because she feared for her safety and was experiencing post-traumatic stress and anxiety because of Shaun's treatment.

41. Defendant assured the Plaintiff that her missed shift would be covered but failed to launch an investigation into Shaun's inappropriate and hostile behavior, or take any remedial action.

42. Shortly after reporting the incident, Defendant terminated Plaintiff's employment on or about May 22, 2022, citing the missed shift.

43. However, Defendant's cited reason for termination is a pretext for discrimination because Plaintiff had recently reported the incident and Defendant had already informed Plaintiff that her missed work would be covered.

44. Plaintiff met or exceeded Defendant's performance expectations during the entire

duration of her employment.

45. Defendant unlawfully terminated Plaintiff because of her race, African-American, on May 22, 2022.

46. Defendant unlawfully terminated Plaintiff because of her sex, female, on May 22, 2022.

47. Defendant unlawfully terminated Plaintiff because of her disability on May 22, 2022.

48. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

49. Plaintiff reported the sex and race-based harassment to Defendant.

50. Defendant targeted Plaintiff for termination because of her race, sex, and/or disability.

51. Defendant targeted Plaintiff for termination because she engaged in protected activity.

52. Plaintiff suffered multiple adverse employment actions including, but not limited to termination.

53. There is a basis for employer liability for the harassment that Plaintiff was subjected to because she reported the harassment to Defendant.

54. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

55. The purported justification for termination was unlawful discrimination based on disability.

56. Defendant did not subject its male employees to the treatment that Plaintiff suffered.

57. Defendant did not subject its non-African American employees to the treatment Plaintiff suffered.

58. Defendant did not subject its non-disabled employees to the treatment Plaintiff suffered.

59. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

60. As a result of the conduct described herein, Plaintiff has suffered monetary and non-monetary damages.

## COUNT I
### Violation of 42 U.S.C. § 1981
### (Race-Based Discrimination)

61. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

62. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

63. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

64. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

65. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

66. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

67. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

68. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's race, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

69. Plaintiff met or exceeded performance expectations.

70. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

71. Defendant terminated Plaintiff's employment on the basis of Plaintiff's race.

72. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race.

73. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

74. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of

enjoyment of life.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

75. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

76. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

77. Plaintiff met or exceeded performance expectations.

78. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

79. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

80. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

81. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Race-Based Harassment)

83. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

84. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to race-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

85. Defendant knew or should have known of the harassment.

86. The race-based harassment was severe or pervasive.

87. The race-based harassment was offensive subjectively and objectively.

88. The race-based harassment was unwelcomed.

89. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's race, African-American.

90. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

91. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

92. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

93. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sex based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

94. Defendant knew or should have known of the harassment.

95. The sex basedharassment was severe or pervasive.

96. The sex-based harassment was offensive subjectively and objectively.

97. The sex-based harassment was unwelcomed.

98. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

99. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

100. As a direct and proximate result of the sex-based harassment described above,

Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

101. Plaintiff repeats and re-alleges paragraphs 1-60 as if fully stated herein.

102. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, et seq.

103. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted race-based and sex-based discrimination or harassment.

104. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

105. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race and sex discrimination or harassment.

106. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

107. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

108. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the discrimination or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq.

109. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

110. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT VII
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

111. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

112. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

113. Plaintiff met or exceeded performance expectations.

114. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

115. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

116. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

117. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

118. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

119. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT VIII
### Violation of the Americans with Disabilities Act

**(Failure to Accommodate)**

120. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

121. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq.

122. Plaintiff is a qualified individual with a disability.

123. Defendant was aware of the disability and the need for accommodations.

124. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

125. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

126. Defendant did not accommodate Plaintiff's disability.

127. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 et seq., due to Plaintiff's disability.

128. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

129. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IX
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

130. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

131. Plaintiff is a member of a protected class under 42 U.S.C. §12101, et seq.

132. During Plaintiff's employment with Defendant, Plaintiff requested accommodations and reported disability-based discrimination and/or harassment.

133. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

134. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination.

135. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

136. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff reporting disability-based harassment and/or discrimination and requesting accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

137. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

138. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

139. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

  a. Back pay with interest;

  b. Payment of interest on all back pay recoverable;

  c. Compensatory and punitive damages;

  d. Reasonable attorneys' fees and costs;

  e. Award pre-judgment interest if applicable; and

  f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 27th day of December, 2023.

        /s/ *Nathan C. Volheim*
        **NATHAN C. VOLHEIM, ESQ.**
        **SULAIMAN LAW GROUP LTD.**
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        Phone (630) 568-3056
        Fax (630) 575 - 8188
        nvolheim@sulaimanlaw.com
        *Attorney for Plaintiff*